**WATERMAN STEAMSHIP CORPORATION, a corporation, Appellant, v. SHIPOWNERS & MERCHANTS TOWBOAT CO., Limited, a corporation, and Tug Sea Fox, Inc., a corporation, on their own behalf and on behalf of the Master, Officers and Crew of the Tug Sea Fox, Appellees.**

**THE SEA FOX, Inc.**

**No. 13135.**

United States Court of Appeals
Ninth Circuit.

Dec. 22, 1952.

For former opinion see 199 F.2d 600.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge (dissenting).

The opinion of the court is to the effect that if the rule of The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148, is applicable here, the burden of proof required by that rule has been met, and that the trial court has so found.

I think this is manifest error, as was the statement of the trial court: "The burden of proof has been carried because the evidence clearly shows that the Herald was set adrift and carried into a position of danger *solely* by the violence of the storm." (Emphasis added.) In view of the fact that the unlicensed master, disregarding storm warnings, set out from a place of safety in Drake's Bay with a broken towing engine, it is simply impossible to conclude that the master's lack of qualifications "could not have contributed" to the loss or the situation which gave rise to the necessity of salvage.

As now written, our opinion is contrary to what this court held in Carr v. Hermosa Amusement Corp., 9 Cir., 137 F.2d 983. Of course, full consideration of the question might ultimately lead us to conclude that the rule of The Pennsylvania is not properly applied in a salvage case such as this. But such a conclusion should only be reached after a careful consideration of that question, which the court, so far, has neither given nor purported to give. After stating an untenable reason for our judgment, I think we should not deny a rehearing merely because some other reasons, not mentioned in the opinion, might call for the same result. Our opinion, I think, should not stand, and we cannot properly rewrite an opinion without hearing further argument.

I would grant a rehearing.